Good morning, Your Honors. May it please the Court, Mark Meyerhoff on behalf of the appellant, City of La Habra. On May 11, 2011, the trial court denied respondent Jung Ko's motion for summary judgment, and granted the City of La Habra's motion for summary judgment, and Officer Ko appealed that decision. On July 24, 2013, this identical panel reversed the trial court's decision and remanded the case for further proceedings. In reaching this decision, the panel held that the trial court erred by holding that Ko failed to raise a tribal issue of material fact as to the issue of whether there was a reasonable certainty within the meaning of USERRA's implementing regulations that he would have received a step increase. This panel then This panel's July 24, 2013 decision became the law of the case, binding upon the trial court. Which is what? If it's the law of the case. In this case, the law of the case is that a tribal issue exists as to whether there was any reasonable certainty that Officer Ko would have received a step increase but for his military service. And that was the explicit issue. Counsel, let me ask you a question. After the remand, were there any further proceedings as to developing the record which changed the possibility that there was a factual question? There was not, Your Honor. There was additional briefing that was accepted by Judge Riel, but there was no new evidence. There was no new argument. Respondent will say that there was a new argument in that there was an emphasis upon the Department of Labor comments to the USERRA's implementing regulations. But that comment is not new. Maybe I interrupt you. I'm only interested in whether there is any new evidence, arguments we can deal with as legal questions to know of, and new evidence I'd like to know about. And your answer is, the record is the same. Except there was one shred of evidence. There was a 2012 performance evaluation which was submitted for Officer Ko. But that evaluation in and of itself cannot eviscerate the law of the case, which the trial court was bound. Do we have that before us, the 2012 evaluation? Did anyone submit it to us? I believe the 2012 evaluation was included in the supplemental briefing that was submitted by the Respondent Ko to the trial court. To the trial court? To the trial court. Is it before us now in the new appeal? Your Honor, I'm not sure if it is in the record. I'm understanding that it's in the record, but that we didn't have it before. That's true, yes. Well, now, what does that evaluation say? Well, that evaluation shows that Officer Ko was performing well for the 2011 time frame. However, that was approximately 3 years after the city had to make a decision as to whether it was reasonably certain that he would have earned a similar positive evaluation during the time period that he was on military leave. If I take, I mean, I was trying to look very carefully at what you were suggesting. It seems to me that our court said there's a genuine issue of material fact as to whether there was evidence here that a reasonable certainty within the meaning of USERRA's implementing. But I guess I'm trying to figure out why in that particular situation that has anything to do with whether the city had raised any genuine issues of material fact. I mean, if you can say that Ko may have raised material issues, but I don't know that there's anything in our decision that says the city raised material issues. Well, Your Honor, the issue that was decided by this panel as to whether it was a tribal issue was the issue as to whether it was reasonably certain that Officer Ko would have received a merit pay increase. Well, what it said is we determined Ko had, and I quote, raised a genuine issue of material fact, and we said he had. I guess what I'm saying now is it seems to me that what the district court said is while Officer Ko now has presented evidence, the city hasn't presented any, and therefore I'm granting summary judgment to Ko. That is what the trial court said, but that is the exact action which violates the law of the case. Well, not necessarily, because there was something else that Judge Reel had before him that he didn't have at the time, and that was that, and he relies on it in his decision. He says in paragraph 6 that the evidence shows that the police officers received their step increases as a matter of course, and then he cites to our oral argument, he says, and at oral argument before the Ninth Circuit Court of Appeal, the city represented that it was, quote, unquote, unusual for an officer not to get a step increase. So what factual dispute did you raise, if any, with respect to that? Well, it's the same factual dispute that existed that forced this, well, not forced, but this panel based their decision to send it back for a tribal issue. The factual dispute is that even if most officers get a step increase, it just emphasizes the fact that Officer Ko, on two occasions before he went on military leave, didn't receive a step increase, which indicates that there was good reason or at least a tribal issue for the jury to now decide. You really want to take this back for a jury trial? I mean, I think what Judge Reel said is basically he would direct a verdict. Even on this evidence, he would direct a verdict for Ko is what he was saying, and I sort of feel the same way that based on all this evidence. You want to go through the expense and time and resources it would take to get this in front of a jury? Well, Your Honor, I think there's substantial evidence on the city's side as well. What are your issues of genuine, in genuine dispute? The performance evaluations that were not favorable for Ko prior to him going on military leave. Two out of three performance evaluations were not satisfactory, and he did not receive a merit and pay increase. The fact that his probation had to be extended because of his poor performance prior to going on military leave, all directly and pretty soon before he went on military leave. This is what the jury should weigh and should have the ability to determine which side does this fall on. Well, those seem like good arguments to me that summary judgment is inappropriate, but I'm still having a tough time if, in fact, you really want to go there, that there is a law of the case doctrine applied here because this only bars, if you will, acts as a bar only when the issue in question was actually considered and decided, and I don't think that we ever considered and decided whether there was evidence that the city should be able to go to trial, and therefore the law of the case doesn't seem appropriate. Now, your arguments about whether there really can be a summary judgment entered might be appropriate, and I'm listening very carefully there, but I'm still having a tough time with law of the case, meaning that it's a bar only when the issue in question was actually considered and decided. And frankly, I don't think I considered and decided that. All I believe we ever considered and decided was there was an issue of material fact as to why the district court should grant summary judgment to the city. Cole has enough to take it to a jury. Well, Your Honor, the way that the decision of this panel was written, it did send it back for further proceedings, and the fact that a tribal issue existed for Coe, the law of the case, I believe, dictates that the same tribal issue exists for the city. I see. Because the issue, and the law of the case focuses on a specific issue, and the issue is what's important here, whether there was reasonable certainty that he would have received a step increase. That issue still exists for both parties. But have you noticed the rest of the opinion where we go on to ‑‑ I mean, the whole rest of the opinion explains many things that Judge Reel actually relied on in language that Judge Reel actually incorporated into his findings, that we said a reasonable jury could infer from these reports that Coe gained the skills and knowledge he was lacking early on, and he adduced evidence that most police officers received their step increases as a matter of course. And we also said, well, the early reports identify Coe's enthusiasm and his excellent communication skills. They also indicate he made mistakes with regard to safety protocol, et cetera. We say, however, at his 15‑month mark, which is still before he went off, he was given a vastly improved evaluation, and we quote the whole evaluation. I did, Your Honor, and this panel correctly interpreted all evidence in favor of Officer Coe during the first argument. The city is now entitled to that same interpretation of the evidence in the city's favor. So, yes, the opinion does point out the evidence that was favorable to Coe to support the raising of a tribal issue, in fact, but now that the city comes before this panel, the city is entitled to that same favorable interpretation of the evidence in its favor, and there is evidence in the city's favor as well. And this issue that this panel decided, where there was a tribal issue, that is the core central issue that still exists to this day and which should afford both parties now the right, if they choose to do so, to have their day in court. How much compensation was the city ordered to pay to Coe? Between $20,000 and $25,000. That was the damages that the city was ordered to pay. And then there were attorney's fees, obviously. Given that we've already held that Coe has substantial evidence to raise a genuine issue of material fact, and you're here suggesting that you have issues of material fact that can be presented, and given that there's $20,000 to $25,000 in dispute, have the parties tried to work this out? Yes, Your Honor, and we're not foreclosed from working it out, but sometimes, as this panel knows, with a city there's other considerations that work into whether to settle a case or not. I understand there's other considerations for the city, but I guess given what I see in front of me, I remember being on the district court in Idaho, and if the appellate court had said you're not winning summary judgment, there's genuine issues, and now a respected judge has said you might even be subject to summary judgments yourself. It seems to me that the city might think about, you know, this might not be a case we want to do an end run on. We want to go to the end result. We might want to deal with this. I mean, it seems to me the best you can get in this particular case, based on what I've asked you and based on kind of how I feel, is we've got to go down and have a trial, and Judge Wardlaw has kind of laid it out pretty clearly. I mean, I don't know where Judge Real is going to be. He gave summary judgment to you. He gave summary judgment to them, but he gave summary judgment to them based on what we'd said. It seems to me it might be something you ought to think about as the city, and those higher decisions that ought to be made maybe ought to be explored. I mean, I'm just trying to say to you very clearly, even if you win, it seems to me the best you get is a trial. Yes, I appreciate that, Your Honor. We definitely will keep that in mind. It's definitely a possibility. Well, I'd hope more than keep it in mind. I'd hope act. Yes, sir. As I said, the one performance evaluation which was introduced to the trial court, which this court, I don't believe, had the opportunity to see, doesn't change the law, the fact, the rule of the case analysis, the law of the case, because if anything, it just goes to the weight of the evidence again, and a jury should decide whether a performance evaluation that came three years later does point to reasonable certainty that Officer Coe would have received a merit increase or does not. So there's nothing new here. There's no new argument. There's no new document which can change the law of the case. In fact, if a court were to issue a decision and then a party were to say, well, we have another argument that we didn't present, or we have another fact, a small fact that we didn't present, and that we're able to overturn the law of the case, it would eviscerate the law of the case doctrine, and that certainly wasn't the intention of the doctrine, and the city feels very strongly that the law of the case does apply to this action. I guess my last question has to do with why do I take this away from Judge Reel? It seems to me Judge Reel made a decision in your favor the first time through. Judge Reel read our decision and then made a decision opposite that, but I'm having a tough time understanding how what he did or how he acted would reflect a personal bias or an unusual circumstance requiring reassignment. He's already ruled in your favor once. Yes, sir. It was based upon a comment that Judge Reel made, which suggested that the city was wasting money by pursuing this action. It's also, frankly, motivated by what we believe to be an erroneous interpretation of this court's order, which there's a lot of judges who might erroneously interpret our orders. That doesn't mean they're going to be so out of it. They can't make a reasonable decision when it comes back. Frankly, at this point, I think there are a lot of judges who might think you were wasting your resources and not be afraid to say that to you also, and I certainly, speaking only for myself, feel like it seems like you're spending a lot of resources to fight a $25,000 damage award which there's a lot of evidence that indicates it's warranted in this case, and I don't think that would justify recusal or disqualification of any judge who would think that. No, I understand, Your Honor, and our reasons are set forth in our papers, but it was based upon the two comments that we identified about the resources and also about what we believe to be a gross misinterpretation of this panel's directive back to the trial court. Let me just ask one question. Have you tried our Ninth Circuit mediation? I'm trying to think back, Your Honor, if we have in this case. I don't believe we have. We have really excellent mediators. Maybe we could, subject to, of course, to the city, maybe we could send you to mediation. And co-agreeing. Yeah, and see what they could do. We have really great people up there. Thank you, and I see I'm out of time, so thank you very much. Thank you. Good morning. May it please the Court. Joseph Bull on our behalf of the appellee, Gianco. Before I begin, there was some discussion of the supplemental or the additional evidence presented on behalf of Gianco on remand, and I believe it is in the record in the second volume. I just found it. Okay. It's 262, right? Yes. Okay. This case boils down to two interrelated issues, the first being whether or not the district court violated the law of the case on remand. And the short answer to that question is no, because, as Judge Smith pointed out, the law of the case governs only those decisions, those issues actually expressly decided or decided by necessary implication. Considered and decided, correct? Right. Sure. Thank you. And this case, when it went back on remand, was decided on a different issue. I think both narrowly with respect to the issue as to USERRA and more broadly when you consider what this court and what the district court was tasked with when considering the city's motion for summary judgment last time around. I think the city too broadly construed what the issue was that was decided. This court was tasked with deciding whether or not a reasonable jury could find, based on the evidence, that there was a reasonable certainty that Officer Coe would have attained a step increase had he never deployed. So at that point, if we get rid of this idea that there's somehow a law of the case here, it still seems a little tough for me to suggest, based on two prior evaluations and a probation period being extended six months due to his prior performance, and one satisfactory new evidence that I have, that I can say as a matter of law this is the way it is. It seems to me, again, this is a jury question, that the city has raised enough. Your Honor, an important point relied upon by the district court, an important piece of evidence, was what we've termed the split evaluation. What I mean by that is . . . Well, but it seems to me, even if you go there, and I didn't want to stop you, but I want to make sure you understand, even if you go there, it seems to me the district court's evaluating evidence. The district court is trying to put evidence now, and now we don't have, which we had last time, we don't have the opportunity to say accept Coe's evidence as the evidence. Now we have to say accept the city's evidence as the evidence. And now can we get to a question as a matter of law? And if I take the city's evidence, which I tried to evaluate here and put before you, I'm having a tough time saying that as a matter of law. It seems to me you'd lose if I take the city's evidence. Well, Your Honor, I think when you look at it from . . . it's a particular angle discussed in Tilton that wasn't addressed by this court the last time around. And in particular, it's also found in the implementing regulations as well. And what I mean by that is Officer Coe was prevented from completing a performance evaluation period because he was deployed. And this is undisputed. He began the performance evaluation period five months prior to deploying. He then deploys for 18 months. Upon his return, he completed the last seven months of that performance evaluation period. And it is undisputed that he received an Exceed Standards rating for that one-year evaluation period. And based on our reading of Tilton, as a matter of law at that point, the city has to give him an opportunity to complete that evaluation period. They have to give him an opportunity to complete sort of the employment benchmarks he was unable to complete while he was gone. And once he does, once he does complete that, as a matter of law he is entitled to step advancement. So if I don't read Tilton that way, then you would suggest we have a jury trial coming? If you don't . . . Because I don't read Tilton that way. I would respectfully urge you . . . Well, I know what you'd urge me to do, but I read Tilton pretty carefully. I tried to determine if, in fact, based totally on the city's best evidence, not yours this time. Because last time I was looking at it totally on your evidence, and I was convinced summary judgment should not have been granted. Slow to convince, frankly. I understand. I would point out as well the principle that we're . . . this escalator position and pay rate principle that we're asking the court to look at with respect to this undisputed completion of this performance evaluation period that was interrupted for no other reason other than a deployment is akin exactly to the training interrupted in Tilton. And that same principle was applied by the Paxton v. City of Montebello Court to a probationary period, an employee who was deployed on a probationary period. However, you're overlooking the first evaluations were not good. Then he had a probationary period extended. And we have testimony here that generally denials of step increases are rare. In effect, it was denied on two evaluations, and the probationary period extended. And now we have another satisfactory review. And, again, I'm saying tell me that meets Tilton's standard. It seems to me that that meets genuine issue of material facts standard that goes back to the judge to give to the jury, not to make his own determination unless he's the trier of fact. I would say given the additional evidence presented, which is the continued evidence of superb performance, you have a record that demonstrates early performance hiccups and an undisputed upward progression that never dips below the standard after that fact. Given that new evidence, I think that might change the equation. But, more importantly, I think what takes this out of the genuine issue category is that reading of Tilton. We believe the law requires it. I think Tilton is more a pure longevity situation, a pure seniority system. Whereas here, it's not only seniority, it's also quality of performance and performance review. And I think if I were a juror, I'd roll in your favor for sure. But I'm not a juror, and I think that's the problem with Judge Rill's decision. I think he might have gone too far in making findings of fact. I understand your concern, Your Honor. My point is I think Tilton, the rationale in Tilton, the escalator principle rationale, I don't believe is limited to simply longevity situations. And, again, you see it incorporated in the regulations themselves. 1002.236, for instance, talks about if a merit increase is delayed because of a missed examination. And that when the employee is required to be given time to complete that requirement upon their return for leave, and once they do, they are therefore required to do a retroactive merit increase to the date, basically a date reflecting the delay. You also see that with respect to the promotional aspect, which is clearly not simply a seniority-based benefit. I believe in 1002.1923, one of those. And the comments, the comments, the Department of Labor's comments, I think also iterate this idea that the escalator principle, and to tie this back to the reasonable certainty question, I don't think this eliminates that that is the proper question, whether he would have attained a step increase with reasonable certainty. But what it does is it provides a definitive answer because what we're asking is would he have achieved a step increase in this one-year evaluation period. We have an answer to that question. When he was allowed to finish that one-year evaluation period, the same evaluation period we're talking about, that he was in the middle when he left, he, in fact, did complete it above standards. However, nothing says that he has to have this step increase just based on the last evaluation period. I think what Tilton says in the regulations… But we're talking about the city here, the city's own idea. And I guess I don't want to argue with you. I've heard your story, and I'll take it under advisement. So my question is, if I send this back, do I send it to the good same judge? We have submitted on that issue. I agree with some of the comments you made. The court granted summary judgment to the defendant once and granted it to us once. I haven't perceived… We have no idea what it will do next time. No, I do not. That's the issue here. Well, that's why I'm having you talk about this, because we know Judge Reel. We're perfectly understanding of his good work, and we also know his proclivities, if you will. And so we want your true estimation here. And it seems to me you said he'll do a good job. I don't believe there will be any bias. I don't believe there will be any bias. So when you referred to Regulation 1002.236, you were referring where they say, is this the situation here that it says, for example, if the employee missed a merit pay increase while performing service but qualified for previous merit pay increases, then the rate of pay should include the merit pay increase if that was missed. You think that's the situation here? Yes. Yes, and also I believe further down it discusses, it says, if the merit pay increase that the employee missed during service is based on a skills test or examination that the employer should give the employee a reasonable amount of time to adjust to the employment position and then give him or her the skills test or examination. The thing that I worry about with Tilton is this language. At 181, the reasonably certain criteria is met. If as a matter of foresight it was reasonably certain that advancement would have occurred and if as a matter of hindsight it did, in fact, occur. Now here, in hindsight, I can hear your argument. But foresight, I don't hear your argument because as a matter of foresight, I don't think it was clear to the city that Coe would have been eligible for these step increases when he left for the military service. And that's why I laid out the factors that would give them some idea he did not meet it. Therefore, I don't think Tilton applies. And briefly, and I know we've gone back and forth on this, but there's an or there. And that, I think you've identified the issue precisely, which is if we're talking merely about foresight, we have a triable issue. However, the test can also be met by hindsight. And we know as a matter of fact, an undisputed fact, that as a matter of hindsight, he did complete that specific evaluation. He did get raised up, but it still doesn't say to me, even if he had, that given two failures and an additional probation time, that he even met the backside. That's why I think it's the jury trial. Also briefly as well, I think to pose a brief hypothetical in my 20 seconds, if Coe had missed every single performance evaluation merit increase from the day he started to the day he deployed, however, had met standards during this split evaluation period, which he began before his deployment and was interrupted by his deployment, then I think Tilton requires step advancement. Wait a second. You said that there was an or in this sentence that Judge Smith read, but there isn't. There's no or. It's in the conjunctive. And so both have to be met, not just one or the other. I'm sorry. I don't have it in front of me. This requirement is met if, as a matter of foresight, it was reasonably certain that advancement would have occurred and if, as a matter of hindsight. It's kind of an odd articulation of the test, but that's what it says. It is odd. That's why I focused on it. And I agree. I think the way that that escalator principle has been incorporated into the regulations, as I pointed out in the court past before him, I think would, in our view, require step advancement. So what about this mediation idea? We asked to go to mediation. We've approached the city about settlement. So you're more than happy to go? Yes. Okay. Thank you. All right. Thank you very much. And this session of the court will be an adjournment for today. Thank you. Thank you.
judges: Wardlaw, Bea, Smith